# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 09-60080
USDC No. 4:07-CV-72

U.S. COURT OF APPEALS
FILED
DEC 0 3 2009
CHARLES R. FULBRUGE III
CLERK

IN RE: WILLIAM DEWAYNE SAVELL,

Petitioner

Petition for a Writ of Mandamus
to the United States District Court
for the Southern District of Mississippi

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
DEC 1 4 2009
J. T. NOBLIN, CLERK
BY_____ DEPUTY

Before JOLLY, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:

William Dewayne Savell, Mississippi prisoner # 106847, has filed in this court a pro se petition for a writ of mandamus and a motion requesting leave to file his mandamus petition in forma pauperis (IFP). The motion for leave to proceed IFP is GRANTED.

Savell complains of delay in the district court's handling of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. That petition was filed on June 5, 2007. The State filed its response and the state court papers on June 27 and June 29, 2007.

Savell moved for an evidentiary hearing in July 2007; that request was denied without prejudice on January 15, 2008. Savell then began to file various motions seeking to add to his habeas corpus pleadings. On August 4, 2008, working with a new writ writer, Savell filed a motion to amend or supplement the record along with a supporting memorandum. On August 11, 2008, he filed

an "attachment" to the memorandum, adding a case citation. On September 29, 2008, Savell moved to file a second amendment or supplement to his habeas petition. He sought to add a medical argument concerning the autopsy report of the victim's death, and he requested an evidentiary hearing in which to challenge the pathologist's report introduced at his murder trial. On October 20, 2008, Savell moved to amend his habeas petition to add a challenge to the indictment and the grand jury proceedings, a claim he had just exhausted in state court. In November 2008, Savell moved for summary judgment, a motion that the State opposed. In January 2009, Savell moved for a declaratory judgment, asking the district court to determine which of his claims and proposed amended claims were not exhausted so that he could dismiss them.

On February 27, 2009, the magistrate judge granted Savell leave to amend his habeas corpus petition. She ordered the amended petition to be filed no later than March 23, 2009. On March 16, she denied Savell's summary judgment motion as well as his motion for a declaratory judgment. Savell moved for reconsideration of the denial of those motions. On April 24, 2009, Savell filed his amended petition for habeas corpus relief along with a supporting memorandum. In March and again in August 2009, he moved for summary judgment. The magistrate judge denied those motions. Interspersed with these pleadings have been a motion to recuse the magistrate judge, which the district court denied, as well as two letters and motions for clarification, an extension of time, and copies of pleadings at government expense.

The mandamus remedy is an extraordinary one, granted only in the clearest and most compelling cases in which a party seeking mandamus shows that no other adequate means exist to attain the requested relief and that the right to the issuance of the writ is "clear and indisputable." *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987).

Although delay in the district court's adjudication of a case may merit mandamus relief, in Savell's case there has been no undue delay. Savell filed his

original petition in June 2007, but after the State responded, Savell continued to add arguments and proposed amendments to his petition. Savell's amended petition was not filed until April 2009. The magistrate judge and the district court have ruled on various motions filed by Savell. In light of this ongoing activity in the case, we decline to interfere with the district court's handling of its docket.

The petition for a writ of mandamus is DENIED.

A true copy
Attest: 03 DEC 2009
Clerk, U.S. Court of Appeals, Fifth Circuit
Deputy
New Orleans, Louisiana