IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WILLIAM DEWAYNE SAVELL                                  PETITIONER

VS.                                      CIVIL ACTION NO. 4:07CV72TSL-LRA

CHRISTOPHER EPPS, ET AL.                                 RESPONDENTS

ORDER

This cause is before the court on the objection of petitioner to Magistrate Judge Linda R. Anderson's August 13, 2010 Report and Recommendation, recommending that petitioner's habeas petition be dismissed with prejudice.

By his objection, petitioner chiefly argues that the magistrate judge erred in her conclusion that petitioner presented the issues contained in Grounds Five, Six and Seven of his petition in this court to the Mississippi Supreme Court only as claims of ineffective assistance of counsel, and not, as he now maintains, discrete instances of the state's violation of his Fourteenth Amendment Due Process rights, which supported the cumulative error argument raised in his state court application for post-conviction relief. From this, he reasons that the magistrate judge erred in her further conclusion that to the extent that by Grounds Four[1], Five, Six and Seven of his federal

---

[1] With regard to Ground Four, the magistrate judge concluded that even under the most liberal construction, petitioner's state court filings could not be said to have raised the issue of denial of choice of counsel as either an ineffective assistance of counsel claim or as a due process claim.

petition, he intended to urge due process claims, in addition to ineffective assistance claims, the due process claims are procedurally barred under O'Sullivan v. Boerckel, 526 U.S. 838, 842, 844-45 (1999) (Exhaustion of state remedies is a prerequisite for federal habeas review and doctrine of exhaustion mandates that federal court cannot review § 2254 petition until applicant has first provided state court with a "fair opportunity" to correct federal violations alleged in petition).

Here, having reviewed the record in this case, the court finds that the magistrate judge correctly determined that Savell did not give the state court a "fair opportunity" to review his putative due process claim.  Savell, on page three of his state court "Motion for Post Conviction Relief to Vacate and Set Aside Conviction and Sentence," purports to set forth a "concise statement of the claim and grounds upon which [the] motion is based."  Thereafter, he lists the following issues: (1) denial of effective assistance of counsel (based on counsel's failure to investigate); (2) denial of effective assistance of counsel (based on counsel's failure to subpoena witnesses); and (3) cumulative error.  However, despite having used the term "cumulative error" in the "concise statement of the claim and grounds upon which [the] motion is based" section of his motion, the only issue actually set out and expounded upon in the remainder of Savell's motion, denominated by Savell as the "argument" section, is

"Whether Savell was denied effective assistance of attorney by counsel's failure to subpoena witnesses and to offer a defense at trial to the charge of murder." As the magistrate judge correctly determined the due process arguments that Savell purports to make in this court cannot be fairly said to have been presented to the state court. <u>Wilder v. Cockrell</u>, 274 F.3d 255 (5th Cir. 2001) (to satisfy the exhaustion requirement, it is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made; indeed, where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he has failed to exhaust)(internal citations and quotations omitted). Accordingly, this objection, together with the others presented by the petitioner, is overruled.

Based on the foregoing, it is ordered that the report and recommendation of United States Magistrate Linda R. Anderson entered on or about August 13, 2010, be, and the same is hereby, adopted as the finding of this court.

SO ORDERED this 16th day of September, 2010.

                                  /s/Tom S. Lee
                                  UNITED STATES DISTRICT JUDGE